# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**VERDENCE CAPITAL ADVISORS, LLC**,
a Delaware Limited Liability Company,
50 Schilling Road, Suite 300
Hunt Valley, MD 21031

   *Plaintiff*,

v.

**JANE DOE**
and
**JOHN DOE**

   *Defendants*.

Civil Action No. _____

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff Verdence Capital Advisors, LLC, by and through its undersigned counsel and in support of this Complaint against Defendants Jane Doe and John Doe (collectively, "Defendants"), alleges as follows:

## THE PARTIES

1. Plaintiff Verdence Capital Advisors, LLC, ("Verdence") is a limited liability company formed under the laws of the State of Delaware with offices located at 217 International Circle, Suite 200, Hunt Valley, MD 21030. Its members are individuals who are citizens of Maryland and Virginia.

2. Defendant John Doe is an unidentified individual, whose name and address is unknown to the Plaintiff at this time. Upon information and belief, John Doe is not a citizen of the State of Maryland or Virginia.

3. Defendant Jane Doe is an unidentified individual, whose name and address is unknown to the Plaintiff at this time. Upon information and belief, Jane Doe is not a citizen of the

State of Maryland or Virginia.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because it is a judicial district where a substantial part of the events or omissions giving rise to the claims asserted herein occurred and Defendant is subject to personal jurisdiction in this District.

**FACTUAL ALLEGATIONS**

6. Verdence offers investment and wealth management services for individuals, trusts and other entities.

7. The Richard Dubin State Only QTIP Trust (the "Trust") is one of Verdence's clients.

8. Verdence established an investment account was Fidelity Brokerage Services, LLC ("Fidelity") for the Trust.

9. Verdence provided information about the Trust's account with Fidelity to 1329 LLC so that 1329 LLC could make deposits into the Trust's account. Although Verdence provided the correct name of the account to 1329 LLC, the last digit of the account number was not correct.

10. From September 6, 2019 through January 18, 2024, 1329 LLC electronically deposited money on a monthly basis into a Fidelity account that it believed belonged to the Trust.

11. Instead of the money being deposited into the Trust's account, the money instead was misdirected into an account at Fidelity maintained by Jane Doe and John Doe.

12. The total amount of the deposits made from September 6, 2019 through January 18,

2024 into the unknown account at Fidelity equaled $408,689.86 (the "Missing Funds").

13. Upon information and belief, Jane Doe and John Doe are the account holders of the unknown account containing the Missing Funds.

14. Upon discovering the error, Verdence promptly contacted Fidelity and demanded the return of the Missing Funds from Defendants.

15. Defendants refused to return the Missing Funds and have instead wrongfully retained the Missing Funds. On information and belief, the Defendants withdrew the Missing Funds from their account at Fidelity and closed their account.

16. Defendants have no legal entitlement to the Missing Funds. Defendants knew or should have known that they were not the intended recipient of the Missing Funds.

17. Defendants' continued possession and refusal to return the funds constitute unlawful retention of Plaintiff's property.

18. The wrongful actions and misappropriation of the Missing Funds by Defendants have caused Plaintiff to suffer significant financial damages.

19. As a direct result of Defendant's refusal to return the Missing Funds, Plaintiff was required to take immediate action to ensure that the Trust did not suffer financial harm due to the Missing Funds.

20. Plaintiff was required to engage counsel and utilize its own resources to replace the Missing Funds in the Trust to which they were originally intended.

21. Plaintiff was forced to incur significant attorneys' fees and costs in connection with replacing the Missing Funds due to Defendants' wrongful refusal to return the Missing Funds.

22. Plaintiff has received an assignment from the Trust on any claims it may have against Jane Doe and John Doe.

## COUNT I – CONVERSION

23. Plaintiff repeats and incorporates by reference every allegation contained in Paragraphs 1 through 22 above as if fully set forth herein.

24. From September 6, 2019 through January 18, 2024, Defendants received deposits containing the Missing Funds from 1329 LLC that were intended for the Trust,

25. Defendants unlawfully retained the Missing Funds for their personal use.

26. The amount of the Missing Funds that Defendants have misappropriated is $408,689.86.

27. Defendants have intentionally and wrongfully exercised control or dominion over the Missing Funds.

28. The Trust had an ownership interest in the Missing Funds.

29. The Trust has assigned any claims it has against the Defendants with respect to the Missing Funds to Plaintiff.

30. Defendants have wrongfully refused to return the Missing Funds.

31. Defendants' wrongful possession and retention of the Missing Funds constitutes conversion.

32. As a direct and proximate result of Defendants' conversion, Defendants have caused Plaintiff to suffer damages.

## COUNT II – UNJUST ENRICHMENT

33. Plaintiff repeats and incorporates by reference every allegation contained in Paragraphs 1 through 32 above as if fully set forth herein.

34. Defendants have derived and received substantial benefits from the Missing Funds mistakenly deposited into their account by 1329 LLC that were intended for the Trust.

35. Defendants' enrichment is directly and causally related to the detriment of the Trust, given that the Trust had an ownership interest in the Missing Funds and Defendants have refused to return them. The Trust has assigned its claim for unjust enrichment to the Plaintiff.

36. The benefits that accrued to Defendants were accepted by them under such circumstances that it would be inequitable for Defendants to retain such benefits without commensurate compensation to Plaintiff.

37. As a direct and proximate result of Defendants' unjust enrichment, Defendants have caused damages to Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Verdence respectfully prays for the following relief:

A. Judgment in favor of Verdence against Defendants for damages, for a total no less than at least $432,000;

B. An order directing Defendants to pay Plaintiff's reasonable attorneys' fees and costs connected with the action between Plaintiff and the Trust;

C. Such other and further relief as this Court may deem just and proper.

Dated: February 27, 2025               Respectfully submitted,

 */s/ Gary B. Eidelman*
Gary B. Eidelman (Fed. Bar # 04580)
Kaitlin S. Paddy (Fed. Bar # 21124)
Saul Ewing LLP
1001 Fleet Street, 9th Floor
Baltimore, MD  21202
T: 410-332-8975
F: 410-332-8976
Gary.Eidelman@saul.com
Kaitlin.Paddy@saul.com

*Attorneys for Plaintiff*